**MURPHY McKEON, P.C.**
A Professional Corporation
51 Route 23 South
P.O. Box 70
Riverdale, New Jersey 07457
(973) 835-0100
James M. Parisi, Esq. (Attorney ID: 043632011)
Attorneys for Plaintiff,
Greenwood Lake Paddle Boards LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GREENWOOD LAKE PADDLE BOARDS LLC,<br><br>Plaintiff(s),<br><br>vs.<br><br>GREENWOOD LAKE PADDLEBOARDS LLC, CHARLES R. CORALLO, JOHN DOES 1-10 (fictitious names for individuals yet unknown), and CORPORATIONS A, B, and C (fictitious names for entities yet unknown),<br><br>Defendant(s). | **CIVIL ACTION NO.:**<br><br>Hon.<br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

Plaintiff, Greenwood Lake Paddle Boards LLC (the "Plaintiff"), by way of Complaint against the Defendants, Greenwood Lake Paddleboards LLC, Charles R. Corallo, John Does 1-10, and Corporations A, B, and C (collectively referred to as the "Defendants"), states as follows:

**PARTIES**

1. Plaintiff, Greenwood Lake Paddle Boards LLC, at all times relevant herein, is a limited liability company of the State of New Jersey, having its principal place of business at 622 Jersey Avenue, Greenwood Lake, New York.

2. Defendant, Greenwood Lake Paddleboards LLC ("GLP"), at all times relevant herein, is a limited liability company of the State of New York, having its principal place of business at 1081 Greenwood Lake Turnpike, Monksville Reservoir, Ringwood, New Jersey.

3. Defendant, Charles R. Corallo, ("Corallo"), at all times relevant herein, is an adult individual currently residing at 20 Furnace Trail, Greenwood Lake, New York, and upon information and belief, is the sole member of GLP.

4. Defendants, John Does 1-10, are fictitious individuals whose present identity and address are unknown, who have also violated Plaintiff's rights as set forth herein, or who assisted, conspired, or otherwise cooperated with the other Defendants in the acts complained of herein.

5. Defendants, Corporations A, B, and C, are fictitious entities whose present identity and address are unknown, who have also violated Plaintiff's rights as set forth herein, or who assisted, conspired, or otherwise cooperated with the other Defendants in the acts complained of herein.

**VENUE**

6. This Court has subject matter jurisdiction over all causes of actions set forth herein based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and pursuant to the supplemental jurisdiction of this Court for all non-federal causes of action under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because: (a) Defendants have numerous business relations and prospective business relations within the State of New Jersey, and

upon information and belief, conducts regular and continuous business transactions therewith, giving it the requisite minimum contacts with the State required to be subject to jurisdiction therein; (b) commission of tortious acts by Defendants within the State of New Jersey and within this judicial district; and (c) regular and continuous transaction of business, including the tortious acts complained of herein, with the State of New Jersey and within this judicial district.

## BACKGROUND

8. On or around June 1, 2013, Michelle Lees ("Lees"), an adult individual currently residing at 788 Canistear Road, Highland Lakes, New Jersey, began operating a paddle board and kayak rental business.

9. Shortly thereafter, Lees began marketing and promoting her business under the name GREENWOOD LAKE PADDLE BOARDS (the "Mark") throughout northern New Jersey and around Greenwood Lake, New York (the "Mark Territory").

10. Since as early as June 2013, Lees began using her Mark in interstate commerce, in accordance with 15 U.S.C. §1127, throughout the Mark Territory. See Plaintiff's Trademark Registration Certificate attached hereto as **Exhibit A**, which indicates June 1, 2013 as the date that Plaintiff first used its Mark in commerce.

11. Since June 2013, Plaintiff has utilized its Mark as its brand identity, garnering significant acquired distinctiveness in the paddle board and kayak rental and services industry. In view of Plaintiff's use of its Mark, and its efforts to strengthen its Mark, Plaintiff's Mark has become a valid and protectable trademark under federal, state and local laws.

12. Through tireless efforts by Plaintiff, the paddle board and kayak services provided under the name GREENWOOD LAKE PADDLE BOARDS, i.e., Plaintiff's Mark, have earned a stellar reputation by consumers in that industry in the Mark Territory.

13. In early July 2013, Corallo and Lees came to an arrangement where Lees allowed Corallo to share Plaintiff's business rental premises to conduct Corallo's woodworking/boat detailing/fiberglass repair business. In exchange for allowing Corallo to utilize the rental premises, Corallo would fix Plaintiff's paddle boards free of charge.

14. At no point in time did Corallo ever become an employee or co-owner of Lees' and/or Plaintiff's business being operated under the name GREENWOOD LAKE PADDLE BOARDS.

15. However, as a result of the arrangement between Corallo and Lees, Corallo had access to Plaintiff's webpage and Facebook page.

16. Upon information and belief, without the knowledge of Lees or Plaintiff, on or about August 5, 2013, Corallo formed GLP in the State of New York.

17. On or about August 21, 2013, Lees cut ties with Corallo and advised him that he was no longer welcome to conduct his woodworking/boat detailing/fiberglass business out of the rental premises for Plaintiff's business.

18. On August 22, 2013, Corallo sent an email to one of Plaintiff's customers holding himself out as the owner of the business operating under the name GREENWOOD LAKE PADDLE BOARDS and making false, disparaging statements regarding Lees and Plaintiff. Specifically, Corallo false statements included, amongst other false statements, statements that Lees was illegally posing as the owner of Corallo's business, that she does not own any paddle boards, and that she does not have any insurance.

19. Subsequently, in late August 2013, upon information and belief, Defendants began operating a paddle board and kayak rental business under the name GREENWOOD LAKE PADDLEBOARDS, which name is likely to cause confusion amongst relevant consumers with Plaintiff's Mark.

20. In early September 2013, upon information and belief, Corallo changed the passwords to Plaintiff's website and Facebook page, thereby converting same for Defendants's use and depriving Plaintiff of the ability to use the website and Facebook page it originally started in connection with GREENWOOD LAKE PADDLE BOARDS.

21. Specifically, on or about September 5, 2013, after improperly taking control over Plaintiff's website, Corallo falsely posted on the website that "Greenwood Lake Paddleboards will be closed this August 23-26" and that: "Greenwood Lake Paddleboards is not associated any longer with our facebook page. It has been hacked into and the password changed. Disregard any information on that site. The number they have posted is false. Legal action is being taken."

22. On or about September 6, 2013, after operating her business under the Mark for approximately three months, Lees formed Greenwood Lake Paddle Boards LLC (Plaintiff herein) in the State of New Jersey. Lees is the sole member of Greenwood Lake Paddle Boards LLC.

23. Upon information and belief, on September 11, 2013, Corallo published a false and disparaging statement about Plaintiff and Lees on Yelp. Specifically, in the publication, Corallo stated that he is the original owner of Greenwood Lake Paddle Boards and that Lees is an imposter.

24. On June 13, 2014, an article is published in a newspaper, the Warwick Advertiser, stating that Corallo re-opened GLP at a new lakefront launching location and storefront at Sportsman's Marina, located at 325 Lakeside Road, Hewitt, New Jersey.

25. On July 14, 2015, an article is published in a newspaper, the Warwick Advertiser, stating that Corallo re-opened GLP at a new location at the South Launch in the Monksville Reservoir in Ringwood, New Jersey.

26. On September 5, 2017, Lees filed a trademark application with the United States Patent and Trademark Office to obtain a service mark for the name "Greenwood Lake Paddle Boards."

27. On March 6, 2018, the United States Patent and Trademark Office granted Plaintiff's trademark application and registered the service mark "Greenwood Lake Paddle Boards" in the supplemental register. *See* **Exhibit A**.

28. On or about April 20, 2018, on behalf of Plaintiff, Baruch S. Gottesman, Esq. sent a cease and desist letter to GLP and Corallo demanding that they cease conducting business under GLP.

**COUNT ONE**

**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

29. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 28 of the Complaint as though set forth at length herein.

30. Plaintiff has a reasonable expectation of economic advantage for any person seeking to do business with Plaintiff and relies upon laws which prevent malicious and intentional actions by a competitor attempting to confuse such would-be customers/clients into doing business with them rather than Plaintiff.

31. Upon information and belief, despite knowing about Plaintiff's reasonable expectation of said economic advantage, Defendants have knowingly and intentionally misled consumers of Plaintiff into falsely believing Defendants are affiliated with Plaintiff, and that their separate businesses are one entity, by virtue of the knowing use of a confusingly similar brand name.

32. Defendants' collective actions were committed with malice, recklessness, willfulness and the intent to interfere with Plaintiff's expectation to do business with persons seeking to do business with Plaintiff, without reasonable and lawful justification or excuse.

33. But for Defendants' collective actions, Plaintiff had more than a reasonable expectation that every prospective consumer who showed interest in seeking paddle board and kayak rentals and other related services from Plaintiff would have paid Plaintiff for such rentals and/or services.

34. As a direct result of Defendants' collective actions, Plaintiff's reasonable expectation of economic advantage was lost, thereby causing harm, damage and injury to Plaintiff.

35. Defendants' collective actions transgress generally accepted standards of common morality and law and were done with wanton and willful disregard for Plaintiff's rights.

36. Defendants will, if not preliminarily and permanently enjoined by the Court, continue to tortuously interfere with Plaintiff's prospective economic advantage, thereby causing Plaintiff immediate and irreparable harm, damage and injury.

37. As a result of Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

**COUNT TWO**

**NEGLIGENTLY CAUSING ECONOMIC LOSS**

38. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 37 of the Complaint as though set forth at length herein.

39. Plaintiff has a reasonable expectation of economic advantage for any person seeking to do business with Plaintiff.

40. Upon information and belief, despite knowing about Plaintiff's reasonable expectation of said economic advantage, Defendants have negligently misled consumers of Plaintiff into falsely believing Defendants are affiliated with Plaintiff, and that their separate businesses are one entity, by virtue of the knowing use of a confusingly similar brand name.

41. Defendants' collective actions negligently interfered with Plaintiff's expectation to do business with persons seeking to do business with Plaintiff, without reasonable and lawful justification or excuse.

42. But for Defendants' collective actions, Plaintiff had more than a reasonable expectation that every prospective consumer who showed interest in seeking paddle board and kayak rentals and other related services from Plaintiff would have paid Plaintiff for such rentals and/or services.

43. As a direct result of Defendants' collective actions, Plaintiff's reasonable expectation of economic advantage was lost, thereby causing harm, damage and injury to Plaintiff.

44. Defendants will, if not preliminarily and permanently enjoined by the Court, continue to interfere with Plaintiff's prospective economic advantage, thereby causing Plaintiff immediate and irreparable harm, damage and injury.

45. As a result of Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

**COUNT THREE**

**TRADE LIBEL**

46. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 45 of the Complaint as though set forth at length herein.

47. At all times relevant herein, Plaintiff owned the Mark "Greenwood Lake Paddle Boards".

48. Defendants published false and disparaging statements concerning Plaintiff's business and continue to do so. Said false and disparaging statements include, but are not limited to, statements made on August 22, 2013, September 8, 2013 and September 11, 2013.

49. Defendants' false statements was made with malice, recklessness, willfulness and the intent to hinder Plaintiff's business, to prevent other consumers from dealing with Plaintiff, and to otherwise interfere with Plaintiff's relations with other consumers.

50. Defendants' false statements have induced other consumers to not deal with Plaintiff's business.

51. As a direct and proximate result of Defendants' false statements, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

52. Defendants will, if not preliminarily and permanently enjoined by the Court, continue to falsely disparage and cause harm to Plaintiff's business.

**COUNT FOUR**

**UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

53. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 52 of the Complaint as though set forth at length herein.

54. Plaintiff is the owner of the trademark GREENWOOD LAKE PADDLE BOARDS as used on or in association with Plaintiff's paddle board and kayak services in the Mark Territory.

55. Defendants knowingly and willfully have used and continue to use the name, GREENWOOD LAKE PADDLEBOARDS, which is likely to cause confusion, and has caused

confusion, in the relevant marketplace, with Plaintiff's Mark, in northern New Jersey and around Greenwood Lake, New York where Plaintiff and Defendants conduct business.

56. Defendants have solicited business using the name GREENWOOD LAKE PADDLEBOARDS despite its knowledge that Plaintiff owns and controls the lawful use of Plaintiff's Mark, GREENWOOD LAKE PADDLE BOARDS.

57. These acts by Defendants constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

58. As a result of Defendants' actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

**COUNT FIVE**

**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

59. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 58 of the Complaint as though set forth at length herein.

60. Plaintiff is the owner of the trademark GREENWOOD LAKE PADDLE BOARDS as used on or in association with Plaintiff's paddle board and kayak services in the Mark Territory.

61. As a result of Plaintiff's use of its Mark, Plaintiff's Mark has achieved substantial goodwill, recognition and reputation through the Mark Territory.

62. Defendants' unauthorized use of the name GREENWOOD LAKE PADDLEBOARDS constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendants with Plaintiff, and further is likely to cause

confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff of Defendants' use of the name GREENWOOD LAKE PADDLEBOARDS.

63. As a result of Defendants' actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

**COUNT SIX**

**TRADEMARK INFRINGEMENT UNDER NEW JERSEY COMMON LAW**

64. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 63 of the Complaint as though set forth at length herein.

65. Plaintiff's Mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the Mark, through Plaintiff's efforts of promoting its goodwill and reputation in the relevant marketplace and the Mark Territory.

66. Defendants knowingly and willfully have used and continue to use the name, GREENWOOD LAKE PADDLEBOARDS, which is likely to cause confusion, and has caused confusion, in the relevant marketplace, with Plaintiff's Mark, in the Mark Territory where Plaintiff and Defendants conduct business.

67. Defendants will, if not preliminarily and permanently enjoined by the Court, continue its acts of trademark infringement as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

**COUNT SEVEN**

**UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW**

68. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 67 of the Complaint as though set forth at length herein.

69. The aforementioned collective acts of Defendants constitute unfair competition and unfair business practices contrary to the common laws of New Jersey.

70. Defendants will, if not preliminarily and permanently enjoined by the Court, continue its acts of unfair competition as defined by the common laws of New Jersey, thereby deceiving the public, and causing Plaintiff immediate and irreparable harm, damage and injury.

71. As a result of Defendants' collective actions, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages as set forth herein.

**COUNT EIGHT**

**UNFAIR COMPETITION UNDER N.J.S.A. § 56:4-1**

72. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 71 of the Complaint as though set forth at length herein.

73. Defendants' appropriation and actual use in connection with services of the GREENWOOD LAKE PADDLE BOARDS trademark and the goodwill and reputation associated therewith and attached thereto constitute unfair competition in violation of N.J.S.A. 56:4-1, et seq.

74. Defendants' actions as alleged herein have caused irreparable damage and injury to Plaintiff, and will, if not preliminarily and permanently enjoined by the Court, continue to cause irreparable damage and injury to Plaintiff's business.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against each of the Defendants as follows:

1. A temporary restraining order, preliminary injunction and permanent injunction restraining Defendants and their respective parents, subsidiaries, affiliates, partners, directors, officers, agents, representatives, servants, employees, attorneys and all

persons in active concert, privity, or participation with them, from doing, aiding, contributing to, causing and abetting any of the following:

A. Using Plaintiff's Mark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive, including but not limited to, "Greenwood Lake Paddleboards" or variants thereof;

B. Using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Plaintiff is the origin of, has authorized, or is connected with such services or goods;

C. From displaying materials using the phrase "Greenwood Lake Paddle Boards" or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to Plaintiff's Mark in or on any property, real or otherwise;

D. Take all steps necessary to remove the name "Greenwood Lake Paddle Boards" or any other name, mark or symbol, likely to cause confusion with Plaintiff's Marks, from any brochures, advertisements, or any other materials printed or to be printed or distributed (including internet distribution);

E. Transfer the domain name www.greenwoodlakepaddleboards.com, as well as any others that may be discovered to be similarly infringing, to Plaintiff; and

F. Either erase or transfer to Plaintiff, the Facebook page of "Greenwood Lake Paddleboards", as well as any other social media or internet pages or accounts

that may be discovered to be similarly infringing, including but not limited to Instagram, Snapchat, Yelp, Trip Advisor and Google.

2. Damages to be paid to Plaintiff by Defendants as follows:

A. Actual damages sustained as a result of Defendants' wrongful actions;

B. Defendants' profits made as a result of Defendants' wrongful actions;

C. Exemplary and/or treble damages;

D. Interest, attorney's fees and costs associated herewith;

E. An award of prejudgment and post-judgment interest and costs of suit;

F. An award of punitive damages in an amount to be determined by the Court, but not less than $250,000.00, for Defendants deliberate and willful acts; and

G. An award of actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action.

3. An award of any such other and further relief as this Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

**MURPHY McKEON, P.C.**
Attorneys for Plaintiff,
Greenwood Lake Paddle Boards LLC

James M. Parisi, Esq.

Dated: July 24, 2018

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or any pending arbitration or administrative proceeding, to which this matter is subject.

**MURPHY McKEON, P.C.**
Attorneys for Plaintiff,
Greenwood Lake Paddle Boards LLC

James M. Parisi, Esq.

Dated: July 24, 2018

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 7.1**

I hereby certify that, pursuant to Local Civil Rule 7.1, that with respect to the matter in controversy herein, Plaintiff does not have any parent corporation, nor have any publicly held corporation owning 10% or more of its stock.

**MURPHY McKEON, P.C.**
Attorneys for Plaintiff,
Greenwood Lake Paddle Boards LLC

James M. Parisi, Esq.

Dated: July 24, 2018

**VERIFICATION**

I, Michelle Lees, the sole member/manager of Greenwood Lake Paddle Boards LLC, has read the foregoing Verified Complaint and Jury Demand. Based upon my personal knowledge, I hereby certify that the statements set forth in this Complaint are true and accurate.

Michelle Lees

Dated: 7/24/18 , 2018

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# Greenwood lake paddle boards

**Reg. No. 5,420,250**

**Registered Mar. 06, 2018**

**Int. Cl.: 41**

**Service Mark**

**Supplemental Register**

greenwood lake paddle boards (NEW JERSEY LIMITED LIABILITY COMPANY)
656 Jersey Ave
Greenwood Lake, NEW YORK 10925

CLASS 41: Rental of stand-up paddleboards for recreational purposes; providing classes, workshops, seminars and camps in the field of paddleboards and kayaks

FIRST USE 6-1-2013; IN COMMERCE 6-1-2013

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "PADDLE BOARDS"

SER. NO. 87-596,036, FILED P.R. 09-05-2017; AM. S.R. 01-04-2018



Director of the United States
Patent and Trademark Office